(49 South. 489.)

No. 17,313.

HIGGINS et al. v. CARBAJAL.

(May 10, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 380*) — SALES UNDER ORDER OF COURT—ACTIONS TO SET ASIDE.

The plaintiff is bound to prove with legal ·certainty all the grounds on which he relies to annul a judicial sale, such as that the executor was the real purchaser through a party interposed, or that the executor acted as the agent ·of the purchaser in bidding in the property; and if the case be doubtful on the evidence the presumption against official misconduct will prevail.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 380.*]

Appeal from Civil District Court, Parish ·of Orleans; George Henry Théard, Judge.

Action by Susie Higgins and others against Bernard G. Carbajal. Judgment for defendant, and plaintiffs appeal. Affirmed.

William Winans Wall, for appellants. Foster, Milling & Godchaux and Alexis Brian, for appellee.

LAND, J. Mrs. Catherine Rankin, widow, ·died in the city of New Orleans on January 1, 1901, leaving a last will and testament distributing her small estate among a number of legatees, and nominating Bernard G. Carbajal as executor. The will was duly probated, and the executor confirmed and qualified. All the property of the estate was sold by order of court to pay debts and legacies. The real estate, consisting of an improved lot of ground, was adjudicated to Fecundo G. Carbajal at the price of $1,100. The adjudicatee declined to comply with his bid on account of alleged defects in the title, but on a rule to show cause, sued out by the executor, was ordered to do so. The adjudicatee thereupon paid the price to the auctioneer, and the property was conveyed to him by a formal act of sale, signed by the auctioneer, the executor, and agents of the legatees named in the testament. The debts were paid, the remainder of the proceeds of the estate distributed pro rata among the legatees, and the executor was discharged from his trust, all in the year 1901.

On February 19, 1906, Fecundo G. Carbajal conveyed the lot which had been adjudicated to him as aforesaid to his father, B. G. Carbajal, the former executor of the estate.

In May, 1907, the plaintiffs herein, who were both particular and residuary legatees under the will of Mrs. Rankin, brought the present suit to recover the lot referred to, with rents and revenues, on the ground that B. G. Carbajal, the executor, was the real purchaser at the probate sale, and that his son, F. G. Carbajal, was merely a person interposed. Plaintiffs alleged that such sale was a nullity under article 1146 of the Civil Code, prohibiting the administrator of an estate from purchasing by himself or by means of a third person any property intrusted to his administration.

The defendant, after interposing sundry exceptions and pleas, answered, setting forth the facts as they appear of record, denying the alleged purchase by him, and averring that his son purchased for his own account, and five years later, on the eve of his becoming a Catholic priest and a member of the Society of Jesus, donated all of his earthly possessions, including the lot in dispute, to the respondent.

The only evidence in pais offered by the plaintiffs was the testimony of a single witness to a conversation had with the defendant in November, 1905, from which it may be inferred that at that time the title was held

by the son for the benefit of the father. This alleged conversation was positively denied by the defendant, whose testimony on this point is corroborated by the independent fact of his illness at the time, of such a nature as to inhibit him from receiving visitors, and by other circumstances.

Both F. G. and B. G. Carbajal testified positively that the former was not only the nominal, but the real, adjudicatee and purchaser of the lot at the probate sale, and paid the price out of his own funds, and the evidence shows the pecuniary ability of the son at that time to make such an investment. The succession records show that the son was ruled as the adjudicatee and ordered by the court to comply with his bid.

Driven from the only ground of nullity set up in their petition, plaintiffs now contend that the sale was null because the executor was the agent of the purchaser in the matter of the adjudication. This contention is necessarily predicated on the assumption that the son was the real purchaser, and that the father merely acted as his agent. Such a contention changes the issue, and could not have been injected by way of amendment of the pleadings, but rests on the proposition that evidence received without objection makes pleadings, a doctrine too firmly established by jurisprudence to be controverted at this late day. But we do not find in the record evidence sufficiently strong to warrant a finding that the executor acted as the agent of the purchaser at the probate sale. Defendant testified that James E. Dunshie, the uncle of the purchaser, bid at tne probate sale for F. G. Carbajal, and that he (defendant) did not request Dunshie to bid for his son, and had nothing to do with the bidding beyond replying, to a question from Dunshie, that there was no limit to the bids.

The son testified:

"I bought the property at public auction through a representative appointed by my father. * * * I do not know positively who bought in said property for my account. I had given my father generally, but not in writing, full authority to bid in said property, and he was authorized, if he had desired, to procure some one else to do the actual bidding, and my understanding is that my father did not himself bid in said property, but procured James E. Dunshie to bid it in for my account."

The question is not what the son authorized the father to do, but what the father did. It is not pretended that the evidence shows that the father acted as agent of the son in the matter of the bidding, nor is it shown that he controlled or influenced the actual bidder. While the father and the son differ as to who procured Dunshie to bid, his bidding for the son at the bare request by the executor would not, in our opinion, have been either illegal or immoral. If there be a real conflict of evidence on this point, the result is a balance of testimony which justifies only a finding of "not proven."

An alleged unlawful act must be proved by a clear preponderance of the evidence, and the burden of proof was on the plaintiff to establish with legal certainty the illegality of the probate sale on all the issues, whether raised by the pleadings or by evidence received without objection.

The judgment below was in favor of the defendant, and we find no good reason to reverse the conclusions of the trial judge.

Judgment affirmed.